No. 25-10879

# In the United States Court of Appeals for the Fifth Circuit

_____

**Todd Targgart,**

*Plaintiff - Appellant,*

*v.*

**Next Bridge Hydrocarbons, Incorporated; George Palikaras; Robert L. Cook; Clifton Dubose, Jr.; Joseph DeWoody; Lucas T. Hawkins; Delvina Oelkers; Mia Pitts; Kristin Whitley; Gregory McCabe; John Brda,**

*Defendants - Appellees.*

_____

On Appeal from the United States District Court for the
Northern District of Texas, Fort Worth Division
Civil Action No. 4:24-cv-00767-P

_____

### BRIEF FOR DEFENDANT-APPELLEE JOHN BRDA

Jason S. Lewis (*Counsel of Record*)
Jason M. Hopkins
Ryan D. Lantry
DLA PIPER LLP (US)
1900 N. Pearl Street, Suite 2200
Dallas, Texas 75201
T: (214) 743-4500
F: (214) 743-4545
Jason.Lewis@us.dlapiper.com
Jason.Hopkins@us.dlapiper.com
Ryan.Lantry@us.dlapiper.com
*Counsel for Defendant-Appellee John Brda*

No. 25-10879

# In the United States Court of Appeals for the Fifth Circuit

_____

**Todd Targgart,**

*Plaintiff - Appellant,*

*v.*

**Next Bridge Hydrocarbons, Incorporated; George Palikaras; Robert L. Cook; Clifton Dubose, Jr.; Joseph DeWoody; Lucas T. Hawkins; Delvina Oelkers; Mia Pitts; Kristin Whitley; Gregory McCabe; John Brda,**

*Defendants - Appellees.*

_____

On Appeal from the United States District Court for the
Northern District of Texas, Fort Worth Division
Civil Action No. 4:24-cv-00767-P

_____

### CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Fifth Circuit Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal:

1. All persons or entities that acquired shares of Next Bridge Hydrocarbons, Inc. in connection with its spin-off from Meta Materials, Inc. on December 14, 2022, including Lead Plaintiffs-Appellants Todd Targgart, Mohammed Limon, Steven Martinez;

2. Defendant Next Bridge Hydrocarbons, Inc.;

3. Defendant Robert L. Cook;

4. Defendant Clifton Dubose, Jr.;

5. Defendant Joseph DeWoody;

6. Defendant Lucas T. Hawkins;

7. Defendant Delvina Oelkers;

8. Defendant Mia Pitts;

9. Defendant Kristin Whitley;

10. Defendant Gregory McCabe;

11. Defendant John Brda;

12. Levi & Korsinsky, LLP, counsel for Lead Plaintiffs-Appellants;

13. Moses, Palmer & Howell, L.L.P., counsel for Lead Plaintiffs-Appellants;

14.    DLA Piper LLP (US), counsel for Defendant John Brda;

15.    Wick Phillips Gould Martin LLP, counsel for Defendants Next Bridge Hydrocarbons, Inc., Robert L. Cook, Clifton Dubose, Jr., Joseph DeWoody, Lucas T. Hawkins, Delvina Oelkers, Mia Pitts, Kristin Whitley, and Gregory McCabe; and

16.    O'Melveny & Meyers LLP, former counsel for Defendants Next Bridge Hydrocarbons, Inc., Robert L. Cook, Clifton Dubose, Jr., Joseph DeWoody, Lucas T. Hawkins, Delvina Oelkers, Mia Pitts, Kristin Whitley, and Gregory McCabe.

*/s/ Jason S. Lewis*
Jason S. Lewis
*Counsel for Defendant-Appellee*
 *John Brda*

## STATEMENT REGARDING ORAL ARGUMENT

If this Court grants any party's request for oral argument, Defendant Brda requests the opportunity to participate in oral argument to assist the Court in resolving the appeal.

**TABLE OF CONTENTS**

CERTIFICATE OF INTERESTED PERSONS ........................................................i

STATEMENT REGARDING ORAL ARGUMENT ......................................... iv

TABLE OF AUTHORITIES ...........................................................................vi

STATEMENT OF JURISDICTION ..................................................................1

STATEMENT OF ISSUES PRESENTED FOR REVIEW ...................................2

STATEMENT OF THE CASE ..........................................................................2

SUMMARY OF THE ARGUMENT ..................................................................3

STANDARD OF REVIEW ...............................................................................4

ARGUMENT....................................................................................................5

     I.     THE DISTRICT COURT CORRECTLY DISMISSED THE
          SECTION 12(A)(2) CLAIM AGAINST MR. BRDA. ......................5

          a.     The District Court Properly Held Plaintiffs Lacked
               Statutory Standing To Assert A Section 12(a)(2) Claim. ....5

          b.     There Are Numerous Alternative Grounds Supporting
               Affirmance Of The District Court's Decision.......................7

CONCLUSION ...............................................................................................10

CERTIFICATE OF SERVICE.........................................................................11

CERTIFICATE OF COMPLIANCE .................................................................12

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Blue Chip Stamp v. Manor Drug Stores*,
421 U.S. 723 (1975)...................................................................................5

*Torch Liquidating Trust ex rel. Bridge Assocs. LLC v. Stockstill*,
561 F.3d 377 (5th Cir. 2009)......................................................................7

*Isquith v. Caremark International, Inc.*,
136 F.3d 531 (7th Cir. 1998)...................................................................4, 6

*Pie Dev., LLC v. Pie Carrier Holdings, Inc.*,
128 F.4th 657 (5th Cir. 2025)....................................................................4

*Rathborne v. Rathborne*,
683 F.2d 914 (5th Cir. 1982)......................................................................5

*Rosenzweig v. Azurix Corp.*,
332 F.3d 854 (5th Cir. 2003)......................................................................8

*Targgart v. Next Bridge Hydrocarbons, Inc.*,
790 F.Supp.3d 520 (N.D. Tex. 2025)......................................................6, 7

**Statutes & Other Authorities**

15 U.S.C. § 77.........................................................................................1, 2

28 U.S.C. § 1291.........................................................................................1

28 U.S.C. § 1331.........................................................................................1

Federal Rules of Appellate Procedure Rule 28(i).....................................2, 5

Federal Rules of Civil Procedure Rule 9(b)................................................8

Federal Rule of Civil Procedure Rule 12(b)(6)........................................4, 7

## STATEMENT OF JURISDICTION

Lead Plaintiffs-Appellants Todd Targgart, Mohammed Limon, and Steven Martinez ("Appellants") appeal a judgment dismissing their securities class action claims with prejudice.  Appellants alleged violations of the Securities Act of 1933.  The United States District Court for the Northern District of Texas had jurisdiction over the case pursuant to 15 U.S.C. § 77v and 28 U.S.C. § 1331.

On July 3, 2025, the district court granted Defendants' motions and dismissed Plaintiffs' case with prejudice.  The Clerk of the Court entered judgment against Plaintiffs later that day.  ROA.2346–58.

On July 29, 2025, Plaintiffs timely filed their Notice of Appeal.  ROA.2359–60.

This Court has jurisdiction under 28 U.S.C. § 1291.

## STATEMENT OF ISSUES PRESENTED FOR REVIEW

1.  Whether Plaintiffs have statutory standing to sue Mr. Brda when Plaintiffs did not make any investment decision to be considered "purchasers" under Section 12(a)(2) the Securities Act of 1933.

2.  Whether independent grounds exist for affirming the district court's judgment when: (i) Plaintiffs do not allege that they purchased a security pursuant to a prospectus; (ii) Plaintiffs fail to sufficiently allege that Mr. Brda was a "statutory seller"; and (iii) Plaintiffs' Amended Complaint against Mr. Brda is facially untimely as a matter of law and barred by the 1-year statute of limitations.

## STATEMENT OF THE CASE

Pursuant to Rule 28(i) of the Federal Rules of Appellate Procedure, Mr. Brda adopts the Statement of the Case section of the concurrently filed Brief of Appellees Next Bridge Hydrocarbons, Inc. ("Next Bridge"), Robert L. Cook, Clifton Dubose, Jr., Joseph DeWoody, Lucas T. Hawkins, Delvina Oelkers, Mia Pitts, Kristin Whitley, and Gregory McCabe (collectively, the "Next Bridge Co-Defendants").

## SUMMARY OF THE ARGUMENT

Plaintiffs assert that "Defendant Brda is central to this case." Targgart Br. at 20. Yet, Plaintiffs devote less than 3.5 pages of argument in their 32-page brief as to the sole claim asserted against Mr. Brda. Much like the Amended Complaint in the district court, Mr. Brda is a tacked-on afterthought to this appeal.

Plaintiffs sought to represent a class of persons that purport to have acquired shares of Next Bridge in connection with its spin-off from Meta Materials Inc. ("Meta") on or around December 14, 2022. Unlike every other individual defendant, Mr. Brda was never an officer or director of Next Bridge. Rather, he was an officer of the company that preceded Meta—Torchlight Energy Resources, Inc. ("Torchlight")—until June 2021. Mr. Brda is thus three companies and over one year removed from the initial registration statement filed on July 14, 2022 that was declared effective on November 18, 2022 pursuant to which Plaintiffs received shares in Next Bridge.

In either event, the district court was correct in holding "Plaintiffs' Section 12 claim suffers from the same fatal flaw as their Section 11 claim" and that "Plaintiffs do not plead they purchased shares of Next Bridge—the shares they allege were issued under a misleading prospectus—although they do try to retroactively reframe their pleadings in their response to Brda's motion to dismiss." The district court, analyzing *Isquith v. Caremark International, Inc.*, 136 F.3d 531, 534 (7th Cir. 1998), properly found that "a spinoff substantially identical to this one was not a sale of securities.

Similarly, the district court correctly found that Plaintiffs' "complaint suffers another defect" because "Plaintiffs would have the Court extend Section 12 even further, so as to encompass 'sellers' who merely promote a security by soliciting purchases of a *different* security."

The Court should affirm.

## STANDARD OF REVIEW

The Court reviews *de novo* an order dismissing claims under Rule 12(b)(6). *Pie Dev., LLC v. Pie Carrier Holdings, Inc.*, 128 F.4th 657, 661 (5th Cir. 2025).

## ARGUMENT

**I.    THE DISTRICT COURT CORRECTLY DISMISSED THE SECTION 12(A)(2) CLAIM AGAINST MR. BRDA.**

> **a.    The District Court Properly Held Plaintiffs Lacked Statutory Standing To Assert A Section 12(a)(2) Claim.**

Pursuant to Rule 28(i) of the Federal Rules of Appellate Procedure, Mr. Brda adopts the Argument section of Next Bridge Co-Defendants' Brief. Mr. Brda writes separately to further state in order to bring a claim under Section 12(a)(2), a plaintiff must allege that he was an actual purchaser or seller of securities. *Blue Chip Stamp v. Manor Drug Stores*, 421 U.S. 723, 736 (1975). "In determining whether a party to a securities transaction is a 'purchaser' or 'seller,' we must ask whether the transaction has wrought a fundamental change in the nature of the plaintiff's investment." *Rathborne v. Rathborne*, 683 F.2d 914, 920 (5th Cir. 1982). The Court must "focus upon the 'economic reality' of the transaction" to "determine whether the transaction has 'transformed' the plaintiff's interests 'in any real sense.'" *Id.*

Plaintiffs lack standing because they did not "purchas[e]" and there was no "consideration paid" for the Next Bridge stock that Plaintiffs received. Rather, Plaintiffs received Next Bridge stock in a distribution from

Meta in exchange for Meta preferred stock. As the United States Court of Appeals for the Seventh Circuit held in *Isquith v. Caremark International, Inc.*, persons who receive shares of stock in a spinoff "simply receive[] one share of [new company stock] for every [share of old company stock] they owned." 136 F.3d 531, 534 (7th Cir. 1998). Such a person made "no investment choice" and therefore has no claim under securities laws applicable only to the purchase or sale of securities. *Id.*

Analyzing *Isquith*, the district court properly held that "[j]ust as the alleged 'purchase' was not in fact a purchase, neither did Brda's alleged 'sale' of Next Bridge stock actually pertain to Next Bridge stock at all." *Targgart v. Next Bridge Hydrocarbons, Inc.*, 790 F.Supp.3d 520, 528 (N.D. Tex. 2025). Plaintiffs' entire theory of the case would have required the district court to "extend Section 12 even further, so as to encompass 'sellers' who merely promote a security by soliciting purchases of a *different* security." *Id.* (emphasis in original).

The district court correctly "decline[d] to be the first to do so" and properly dismissed the Section 12(a)(2) claim against Mr. Brda with

prejudice. *Id.* The Court should affirm on these grounds or independently for the grounds set forth below.

### b. There Are Numerous Alternative Grounds Supporting Affirmance Of The District Court's Decision.

The district court was unquestionably correct in concluding Plaintiffs lack statutory standing to sue Mr. Brda and dismissing the Section 12(a)(2) claim with prejudice. Nevertheless, this Court "may affirm dismissal on any basis supported by the Rule 12(b)(6) record." *Torch Liquidating Trust ex rel. Bridge Assocs. LLC v. Stockstill*, 561 F.3d 377, 384 (5th Cir. 2009). As Mr. Brda explained in his motion to dismiss in the district court below, multiple, additional grounds support affirmance here. ROA.1179–202.

*First*, Plaintiffs not only lack statutory standing for the reasons stated above, but also because Plaintiffs do not allege that they purchased a security pursuant to a prospectus. ROA.1192–94, ROA.1896–97. Plaintiffs also do not allege that Mr. Brda made any false or misleading statements in connection with the prospectus that resulted in their receipt of NBH stock. Most of the statements that Plaintiffs attribute to Mr. Brda predate even the initial draft registration statement and prospectus at issue that was filed on July 14, 2022

and so were not made in connection with any public offering. For those that do post-date the prospectus, Plaintiffs do not even allege they directly related to a prospectus. Nor did Plaintiffs allege that Mr. Brda's statements were false or misleading. Nor did Plaintiffs sufficiently satisfy Rule 9(b) of the Federal Rules of Civil Procedure. ROA.1190, ROA.1894–95, ROA.1897.

*Second*, Plaintiffs fail to sufficiently allege that Mr. Brda was a "statutory seller" under the Fifth Circuit's solicitation prong jurisprudence of Section 12(a)(2). *See Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 871 (5th Cir. 2003). Plaintiffs do not allege that Mr. Brda "directly" contacted them. ROA.1194–95. Moreover, Mr. Brda's only communications after the initial draft prospectus was filed stated that those who were already shareholders should do nothing and "hold" their shares—*i.e.*, neither sell, nor purchase. ROA.1898. In addition, Mr. Brda cannot be considered a "statutory seller" because Plaintiffs failed to allege that any purported solicitation by Mr. Brda was successful—*i.e.*, that Plaintiffs saw and were moved to purchase a particular security by Mr. Brda's alleged promotions. ROA.1897–99.

*Finally*, Plaintiffs' Amended Complaint against Mr. Brda is facially untimely as a matter of law and barred by the 1-year statute of limitations. ROA.1196–99, ROA.1899–901. Plaintiffs were on "inquiry notice" of their claims against Mr. Brda before September 9, 2023 based on numerous sources of publicly available information. Further, the SEC complaint upon which Plaintiffs copy and pasted and purport to rely only alleges facts from well before September 2023 and Plaintiffs do not explain at all how anything therein supports any theory that Mr. Brda was a "statutory seller."[1]

For any or all of the foregoing reasons, the Court should affirm dismissal of the only claim asserted against Mr. Brda.

---

[1] Because the district court dismissed the claim against Mr. Brda on an independent ground, the district court did not need to consider Mr. Brda's alternative argument that the district court "should strike or ignore the allegations that Plaintiffs have copied from an SEC complaint against Mr. Brda." ROA.1188.

9

## CONCLUSION

The Court should affirm the district court's judgment.

Respectfully submitted,

/s/ *Jason S. Lewis*

Jason S. Lewis (*Counsel of Record*)
  Texas Bar No. 24007551
  jason.lewis@us.dlapiper.com
Jason M. Hopkins
  Texas Bar No. 24059969
  jason.hopkins@us.dlapiper.com
Ryan D. Lantry
  Texas Bar No. 24125130
  ryan.lantry@us.dlapiper.com
**DLA PIPER LLP (US)**
1900 N. Pearl Street, Suite 2200
Dallas, Texas 75201
T: (214) 743-4500
F: (214) 743-4545

*Counsel for Defendant-Appellee*
 *John Brda*

## CERTIFICATE OF SERVICE

I certify that on December 12, 2025, the foregoing document was served via CM/ECF on all registered counsel and transmitted to the Clerk of Court. No paper copies were filed in accordance with the COVID-19 changes ordered in General Docket No. 2020-3.

/s/ Jason S. Lewis
Jason S. Lewis

## CERTIFICATE OF COMPLIANCE

This brief complies with: (i) the type-volume limitation of <u>Federal Rule of Appellate Procedure 32(a)(7)(B)</u> because it contains 1,541 words, excluding the parts of the brief exempted by Rule 32(f); and (ii) the typeface requirements of Rule 32(a)(5) and the type style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface (14-point Palatino Linotype) using Microsoft Word (the same program used to calculate the word count).

I further certify that: (i) any required privacy redactions have been made in compliance with Fifth Circuit Rule 25.2.13; and (ii) the document has been scanned with the most recent version of a commercial virus scanning program and is free of viruses.

/s/ <i>Jason S. Lewis</i>
Jason S. Lewis
